# Exhibit "A"

**JOHN J. PISANO, ESQ.**
123 North Union Avenue
P.O. Box 705
Cranford, New Jersey 07016
(908) 272-3800
Attorney for Plaintiff(s)

| | |
|---|---|
| NICOLE BLACKMON<br>Plaintiff,<br><br>Vs.<br><br>ARTUR MYSHYAKOV and<br>YRC INC<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>Docket No.: UNN-L-1709-22<br>Civil Action<br><br>*SUMMONS* |

**From The State of New Jersey, To The Defendant(s) Named Above:**

The plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey, 08625. A filing fee * payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or appearance within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list these numbers is also provided.

JENNIFER M. PEREZ
Clerk of the Superior Court

**DATED:** June 14, 2022

Name of Defendant to be served:   ***ARTUR MYSHYAKOV***
Addressed of the Defendant to be Served:   ***6435 YELLOWSTONE 5D***
***FOREST HILLS, NY 11375***

**$105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES**

**JOHN J. PISANO, ESQ.**
**Attorney ID: 001021987**
123 North Union Avenue
P.O. Box 705
Cranford, New Jersey 07016
(908) 272-3800
Attorney for Plaintiff(s)

| | |
|---|---|
| NICOLE BLACKMON<br>Plaintiff,<br><br>Vs.<br><br>ARTUR MYSHYAKOV and<br>YRC INC<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>Docket No.: UNN-L-1709-22<br>Civil Action<br><br>***COMPLAINT & JURY DEMAND*** |

Plaintiff, Nicole Blackmon, 72 Mariners Court, Plainfield, NJ 07063 by way of complaint against defendant, Artur Myshyakov, 6435 Yellowstone 5D, Forest Hills, NY 11375 and defendant, YRC Inc, 10990 Roe Avenue, Overland Park, KS, 66216 says:

### FIRST COUNT

1. On 06/01/22 plaintiff, Nicole Blackmon, was the operator of a motor vehicle making a right turn from Stelton Road onto Hamilton Boulevard in South Plainfield, NJ.
2. On 06/01/22 defendant, Artur Myshyakov, was the operator of a motor vehicle, belonging to defendant YRC, Inc.'s motor vehicle, making a left turn in the opposite direction, from Hamilton Boulevard onto Stelton Road in South Plainfield, NJ.
3. The defendant, Artur Myshyakov, was negligent in the operation of defendant YRC, Inc's motor vehicle, in that he failed to manage the second of two trailers, thereby causing same to swing into the path of plaintiff, thereby causing a collision.
4. As a direct and proximate result of the negligence, carelessness and recklessness of the defendant, Artur Myshyakov, in the operation of defendant YRC, Inc.'s motor vehicle, plaintiff, Nicole Blackmon, sustained severe bodily injury and mental anguish.
5. As a direct and proximate result of the said collision and negligence, carelessness and recklessness of the defendant, Artur Myshyakov, in the operation of defendant YRC, Inc.'s motor vehicle, plaintiff, Nicole Blackmon, was caused to expend diverse sums of money for medical bills and treatment, was incapacitated and unable to perform her normal occupation, daily duties and social endeavors and in the future will be so damaged.

WHEREFORE, plaintiff, Nicole Blackmon, demands judgment against the defendants, Artur Myshyakov and YRC Inc., individually, jointly and severally, or in the alternative, for damages, interest, cost of suit, attorney's fees and relief the Court may deem equitable and just.

**DATED:** June 14, 2022

JOHN J. PISANO, ESQ.
Attorney for Plaintiff(s)

## JURY DEMAND

The plaintiff hereby demands a trial by jury as to all issues herein.

**DATED:** June 14, 2022

                                                          JOHN J. PISANO, ESQ.
                                                          Attorney for Plaintiff(s)

## CERTIFICATION OF VERIFICATION

I represent the plaintiff in the foregoing Complaint. The allegations in the Complaint are true to the best of my knowledge, information and belief.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**DATED:** June 14, 2022

                                                          JOHN J. PISANO, ESQ.
                                                         Attorney for Plaintiff(s)

## CERTIFICATION OF COUNSEL

Pursuant to Rule 4:5-1 the undersigned hereby certifies that at the time of the filing this Complaint, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding between these parties.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**DATED:** June 14, 2022

                                                         JOHN J. PISANO, ESQ.
                                                         Attorney for Plaintiff(s)

# Exhibit "B"

202646
SALMON RICCHEZZA SINGER & TURCHI, LLP
Jeffrey A. Segal, Esq. - 035451994
123 Egg Harbor Road
Suite 406
Sewell, NJ 08080
(856) 354-8074
Attorneys for Defendants, Arthur Myshyakov and YRC Inc.

| | | |
|---|---|---|
| NICOLE BLACKMON | : | UNION COUNTY LAW DIVISION |
| Plaintiff | : | |
| v. | : | Docket No. UNN-L-1709-22 |
| ARTUR MYSHAYAKOV and YRC INC., | : | **ANSWER TO AMENDED COMPLAINT OF DEFENDANTS ARTUR MYSHYAKOV and YRC INC. WITH SEPARATE DEFENSES** |
| Defendants | : | |

Defendants, Artur Myshyakov and YRC, Inc., by and through their attorneys, Salmon Ricchezza Singer & Turchi, LLP herein answers Plaintiff's Complaint as follows:

### FIRST COUNT

1. Denied. Answering defendants are without knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint and strict proof is demanded at trial.

2. Admitted in part, denied in part. Answering defendants admit that Artur Myshyakov was the operator of a tractor owned by YRC Inc. on June 1, 2022. Answering defendant, Artur Myshyakov, further admits that he was making a left turn from Hamilton Boulevard onto Stelton Road in South Plainfield, New Jersey on June 1, 2022. The remaining allegations in this paragraph of Plaintiff's Complaint are denied and strict proof is demanded at trial.

3. The allegations in this paragraph of Plaintiff's Complaint are conclusions of law to which no response is required. By way of further answer, denied. The allegations in this

{J0795652.DOCX}

paragraph of Plaintiff's Complaint are denied and strict proof is demanded at trial.  By way of further answer, all allegations of negligence are denied and strict proof is demanded at trial.

4. The allegations in this paragraph of Plaintiff's Complaint are conclusions of law to which no response is required.  By way of further answer, denied.  The allegations in this paragraph of Plaintiff's Complaint are denied and strict proof is demanded at trial.  By way of further answer, all allegations of negligence, carelessness and recklessness are denied and strict proof is demanded at trial.

5. The allegations in this paragraph of Plaintiff's Complaint are conclusions of law to which no response is required.  By way of further answer, denied.  The allegations in this paragraph of Plaintiff's Complaint are denied and strict proof is demanded at trial.  By way of further answer, all allegations of negligence, carelessness and recklessness are denied and strict proof is demanded at trial.

WHEREFORE, answering defendants, Artur Myshyakov and YRC Inc., demand judgement in their favor and against Plaintiff, together with costs, interests and such other relief as this Honorable Court deems just and appropriate.

## SEPARATE DEFENSES

1. Answering defendants, Artur Myshaykov and YRC Inc., incorporate the foregoing paragraphs of their Answer to Plaintiff's Complaint as fully as if set forth herein at length.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's damages, if any, were the result of an unavoidable accident or sudden emergency.

4. Plaintiff's damages must be reduced by the percentage of Plaintiff's own

{J0795652.DOCX}

comparative and/or contributory negligence.

5. Plaintiff failed to mitigate her damages, and answering defendants reserves the right to move to dismiss Plaintiff's Complaint accordingly.

6. Answering defendants breached no duty of care to Plaintiff.

7. The injuries and/or damages alleged by Plaintiff was caused solely or in part by Plaintiff's own negligence, and Plaintiff's claims should be barred or, in the alternative, Plaintiff's alleged damages should be reduced per the provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.2.

8. No conduct on the part of answering defendants caused or contributed to Plaintiff's alleged injuries or damages.

9. Any damages sustained by Plaintiffs were entirely or substantially caused by the negligence of Plaintiff or the negligence of other persons or parties over whom answering defendants had no control or right of control.

10. The injuries and/or damages complained of by Plaintiff pre-existed or were sustained subsequent to the accident which is the subject matter of the Complaint.

11. Plaintiff's claims are barred and/or limited by the Entire Controversy Doctrine as set forth in Rule 4:30A of the New Jersey Rules of Civil Procedure.

12. Plaintiff failed to join necessary and indispensable parties, and answering defendants reserves the right to move to dismiss Plaintiff's Amended Complaint accordingly.

13. Plaintiffs' claims are, or may be, barred by the applicable statute of limitations laws of New Jersey, and answering defendants reserves the right to move to dismiss Plaintiff's Complaint accordingly.

14. Plaintiffs' claims or causes of action may be barred by the doctrines of *res*

{J0795652.DOCX}

*judicata* and/or collateral estoppel, and answering defendants reserve the right to move to dismiss Plaintiffs' Complaint accordingly.

15. Answering defendants asserts all of the defenses, limitations and exclusions available under the New Jersey Motor Vehicle Security Responsibility Law, N.J.S.A. 39:6-23, *et seq*.

16. Plaintiffs' alleged damages should be reduced by the amount(s) Plaintiff receives or received from other sources, pursuant to N.J.S.A. 2A:15-97.

17. At the time and place of the alleged accident Plaintiff failed to utilize an available seatbelt and/or other available safety equipment and her damages should be precluded or reduced accordingly.

18. Answering defendants reserve the right supplement and/or amend their Answer and Separate Defenses to Plaintiffs' Complaint to include additional defenses, cross-claims and/or counter-claims as may be discovered throughout the course of this litigation.

WHEREFORE, answering defendants, Artur Myshyakov and YRC Inc., demand judgement in their favor and against Plaintiff, together with costs, interests and such other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, answering defendants demand that Plaintiff serve upon the undersigned a written statement of the amount of damages claimed by the Plaintiff against defendants within 5 days of service hereof.

## DEMAND FOR DISCOVERY

Answering defendants hereby demands Plaintiff's certified answers to Form A Interrogatories.

{J0795652.DOCX}

## JURY DEMAND

Answering defendants hereby demands a trial by jury as to all factual issues.

## DESIGNATION OF TRIAL COUNSEL

Jeffrey A. Segal, Esquire, is hereby designated as trial counsel for answering defendants, Artur Myshyakov and YRC Inc., pursuant to R. 4:25-4.

## ATTORNEY CERTIFICATION

Pursuant to R. 4:5-1, answering defendants, Artur Myshyakov and YRC Inc., certifies upon information and belief that the matter in controversy is not the subject of another action, contemplated action or arbitration proceeding.  Answering defendants are unaware of other parties who should be joined in this action.

## CERTIFICATION

The undersigned hereby certifies that the within Answer is filed and served within the time allowed by the Rules of Court and with consent of counsel.

        **SALMON RICCHEZZA SINGER & TURCHI, LLP**

        By:    */s/ Jeffrey A. Segal*
                Jeffrey A. Segal, Esquire
                Attorney for Defendants,
                Artur Myshyakov and YRC Inc.

Dated:
7-12-22

{J0795652.DOCX}

202646
SALMON RICCHEZZA SINGER & TURCHI, LLP
Jeffrey A. Segal, Esq. - 035451994
123 Egg Harbor Road
Suite 406
Sewell, NJ 08080
(856) 354-8074
Attorneys for Defendants, Arthur Myshyakov and YRC Inc.

| | |
|---|---|
| NICOLE BLACKMON : | UNION COUNTY LAW DIVISION |
| Plaintiff : | |
| v. : | Docket No. UNN-L-1709-22 |
| ARTUR MYSHAYAKOV and : | **CERTIFICATION OF SERVICE** |
| YRC INC., : | |
| Defendants : | |

    I hereby certify that that Answer of Artur Myshyakov and YRC Inc. to Plaintiff' Complaint with Separate Defenses was served upon the following counsel and/or unrepresented parties via email and electronic filing on this date.

John J. Pisano, Esquire<br>
123 North Union Avenue<br>
P.O. Box 705<br>
Cranford, New Jersey 07016

        **SALMON RICCHEZZA SINGER & TURCHI, LLP**

        By:   __*/s/ Ashley N. Steinberg*_____
                Ashley N. Steinberg, Legal Assistant to
                Jeffrey A. Segal, Esq.

Dated: 7-12-22

{J0795652.DOCX}

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-001709-22**

**Case Caption:** BLACKMON NICOLE  VS MYSHYAKOV ARTUR
**Case Initiation Date:** 06/14/2022
**Attorney Name:** JEFFREY A SEGAL
**Firm Name:** SALMON RICCHEZZA SINGER & TURCHI LLP
**Address:** 123 EGG HARBOR RD STE 406 SEWELL NJ 08080
**Phone:** 8563548074
**Name of Party:** DEFENDANT : MYSHYAKOV, ARTUR
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Answer W/Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: NICOLE  BLACKMON?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/12/2022                                                                                                     /s/ JEFFREY A SEGAL
Dated                                                                                                                                  Signed

# Exhibit "C"

## Certification

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copes of the entire report or reports provided by them; that the existence of other reports of said doctors or experts are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

DATE: 08/26/22

_[signature]_

JOHN J. PISANO, ESQ.
123 North Union Avenue
P.O. Box 705
Cranford, New Jersey 07016
Tel No.: (908) 272-3800
Attorneys for Plaintiff(s)

------------------------------------------------------------

| | |
|---|---|
| NICOLE BLACKMON<br>Plaintiff,<br>Vs.<br><br>ARTUR MYSHYAKOV and<br>YRC INC<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>Docket No.: UNN-L-1709-22<br>Civil Action |

------------------------------------------------------------

## *RESPONSE TO DEFENDANT'S STATEMENT OF DAMAGES*
### *August 26, 2022*

1. Plaintiff hereby demands the sum of $500,000.00.